UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Kristle M. Hembrick, | ) | In Bankruptcy (Chapter 7) |
| | ) | |
| Debtor. | ) | Case No. 10-31409-KRH |
| | ) | |
| Dominion Credit Union, | ) | |
| | ) | Adversary Proceeding |
| Plaintiff, | ) | No. 10-03099 |
| | ) | |
| v. | ) | |
| | ) | |
| Kristle M. Hembrick, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO THE COMPLAINT

COMES NOW, Kristle Maria Hembrick, by counsel, who answers the complaint filed by Dominion Credit Unnion, objecting to discharge and dischargeability of a debt, respectfully as follows:

1. Admitted
2. Admitted.
3. Admitted.
4. Admitted.
5. The Defendant has no knowledge of the Credit Union's interactions with its counsel, but as to default this is admitted.
6. Admitted.
7. Denied.  There was one repossession attempt on or about May 31, 2006, which was at the incorrect property and the vehicle was not present.  The debtor has lived at the same residence and maintained the same phone number since 2005.  No further attempts were made for repossession, and no further contact was made with the Defendant.  The Defendant denies that the vehicle was purposefully hidden to avoid repossession.
8. Admitted.
9. Admitted.

10. Admitted.
11. Denied. On or about May 26th, 2010, the vehicle was properly returned to the Pritchard Brothers address as requested by Plaintiff's counsel.
12. Denied. The debtor did not willfully conceal the vehicle within one year before the date of the filing of the petition. No willful or malicious injury to the Plaintiff occurred, and in fact they received a vehicle in better condition than they would have received in the event of a successful repossession in 2006.

Lack of willful or malicious injury to Plaintiff

13. On or about May 31, 2006, the subject vehicle was in poor condition. The engine would not run properly. There was moderate body damage, and severe wear to the back seat. It was not in running condition, and between 2006 and 2010 the vehicle was not registered or licensed for operation.
14. Prior to surrender of the vehicle, the Defendant went to great lengths to improve the vehicle and restored it to a running condition. The back seat was removed to allow for easier replacement. The fiberglass back wheel wells, which were torn apart, were removed for replacement. Substantial engine work was performed and multiple parts were replaced to restore the truck to a good running condition. The body damage was repaired.
15. The depreciation on the vehicle between 2006 and 2010 is offset by the reduced cost to restore the vehicle to working order for reasonable resale. No willful or malicious injury occurred because the Plaintiff has instead benefitted from the Defendant's restoration of the vehicle.
16. Any injury to the Plaintiff was not willful nor malicious, as the Defendant did not profit from the delay, she was not contacted in the intervening time to arrange for surrender and made no attempts to hinder or frustrate the Plaintiff, and upon surrender of the vehicle demonstrated good faith efforts to make the Plaintiff whole.

WHEREFORE, Kristle Maria Hembrick respectfully requests that the Objection to Discharge and Dischargeability of a Debt be denied.

                                KRISTLE M. HEMBRICK
                        By:     /s/ Clinton M. Davis
                                Of Counsel

**PROOF OF SERVICE – Local Rule 9022-1(C) Certification**

I hereby certify that on the 14th day of June, 2010, a true copy of the foregoing Answer was endorsed and/or served upon all necessary parties pursuant to Local Bankruptcy Rule 9022-1(C) by mail as follows to: Edward S. Whitlock, III, Esquire, Attorney for Plaintiff, at Lafayette, Ayers & Whitlock, PLC, 10160 Staples Mill Road, Suite 105, Glen Allen, Virginia 23060; and to

Roy M. Terry, Jr., Trustee, at DurretteBradshaw, PLC, PO Box 2188, Richmond, Virginia 23218.

/s/ Clinton M. Davis
Counsel for Kristle Hembrick
